CLD-107                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2483
_____

IN RE: THOMAS W. OLICK,
                            Debtor

THOMAS W. OLICK
                            Appellant

v.

CITY OF EASTON; COUNTY OF NORTHAMPTON; PORTNOFF LAW
ASSOCIATES, LTD.; SAL PANTO; HOWARD WHITE; WILLIAM MURPHY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-14-cv-06121)
District Judge: Honorable William H. Yohn, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before: FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Thomas Olick, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court. For the reasons that follow, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In 2007, Olick filed a Chapter 13 bankruptcy petition. The County of Northampton, through its Tax Claim Bureau, filed a proof of claim for unpaid real estate taxes on property which Olick owned and leased to tenants (the Rental Property). Olick filed an objection to that claim, which the Bankruptcy Court sustained. In 2008, Olick filed an adversary complaint, alleging that the County impermissibly sought to collect real estate taxes that were due as of the date of filing of the Chapter 13 petition (pre-petition taxes). The parties entered into a settlement, which provided that the County would not take any action to collect any pre-petition real estate taxes. Thereafter, the County wrote off the pre-petition taxes for the Rental Property; however, there was still a balance due for post-petition real estate taxes. Meanwhile, the Chapter 13 plan was confirmed and Olick received a discharge in March 2012. In July 2012, the County issued a notice of tax sale for the Rental Property, based on unpaid post-petition delinquent taxes. At the same time, the County issued a notice of tax sale for a vacant lot (the Lot Property) that was owned by the Olick Family Trust.

2

Olick returned to Bankruptcy Court in October 2012, filing another adversary complaint, which he later amended, alleging that the County was impermissibly trying to collect taxes on the Rental Property and the Lot Property, even though those taxes had been resolved in the bankruptcy proceedings. Olick alleged that the County's collection efforts violated the terms of his confirmed plan, the settlement agreement, and state law. The County filed a motion for summary judgment, which was supported by tax records and affidavits from the County's Revenue Manager. The Bankruptcy Court granted the summary judgment motion, holding that Olick "failed to raise a disputed issue of fact that the County made post-confirmation attempts to collect pre-petition debts that were treated in his confirmed chapter 13 plan . . . ." In re Olick, 517 B.R. 549, 564 (Bankr. E.D. Pa. 2014). The District Court affirmed the Bankruptcy Court's decision and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). "In reviewing a summary judgment decision of the Bankruptcy Court, we apply, as did the District Court, a plenary standard to legal issues." In re Tops Appliance City, Inc., 372 F.3d 510, 513 (3d Cir. 2004). We review the Bankruptcy Court's factual findings for clear error. In re Nortel Networks, Inc., 669 F.3d 128, 137 (3d Cir. 2011).

We agree that the record supports the District Court's conclusion that the County was entitled to summary judgment with respect to the Rental Property. The record establishes that the County Tax Claim Bureau wrote off all pre-petition real estate taxes, costs, interest, and penalties after the Bankruptcy Court approved the settlement

3

agreement.  Furthermore, according to the County, "[a]t no time subsequent to the filing of Mr. Olick's Bankruptcy Petition has the Northampton County Tax Claim Bureau made any effort of any kind to collect pre-petition taxes or associated charges for the [Rental Property] other than by filing a proper Proof of Claim," which was later disallowed. Olick did not present any evidence to rebut the record.  Instead, he alleged that a discrepancy between the "approximate upset price" listed on the tax sale notice and the amount of unpaid taxes reflected on a 2010 Reminder Notice indicated that the County was trying to collect taxes on the Rental Property which pre-dated his bankruptcy case. The County explained, however, that the amounts differed because the "approximate upset price" was based on "all taxes, both current and delinquent," and did "not include any of the amounts that had been written off," while the Reminder Notice pertained to "2010 unpaid real estate taxes only . . . ."

The District Court also properly affirmed the Bankruptcy Court's entry of summary judgment with respect to the Lot Property.  When Olick filed the bankruptcy petition in March 2007, delinquent real estate taxes were owed on the Lot Property.  But Olick did not own the Lot Property at that time; instead, it was owned by the Olick Family Trust.  Notably, the Lot Property was not listed in Olick's bankruptcy schedules as an asset and was not part of the bankruptcy estate.  Olick argues, nevertheless, that the County's efforts to collect the delinquent taxes on the Lot Property violated the confirmed plan and the settlement agreement.  We disagree.  As the Bankruptcy Court explained, the delinquent taxes on the Lot Property "passed through the bankruptcy case

4

unaffected." <u>Olick</u>, 517 B.R. at 562.  And to the extent that the Bankruptcy Court had jurisdiction to resolve a dispute related to the settlement agreement, <u>see</u> <u>In re Resorts Int'l, Inc.</u>, 372 F.3d 154, 163-64 (3d Cir. 2004), it correctly determined that "there is no basis to conclude that the parties intended that the County would release its claims for pre-petition taxes owed against the . . . Lot Property."[1]  <u>Olick</u>, 517 B.R. at 563.

For the foregoing reasons, we will affirm the judgment of the District Court.[2]

---

[1] We also agree that Olick's claims for fraud, negligence, and conversion are wholly dependent upon a determination that his rights were violated under the confirmed plan and the settlement agreement.  Because we conclude that his rights were not violated, his state law claims lack merit.

[2] Olick's motion for transcripts is denied.

5